**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Epcon Communities Franchising, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Terranova Development Corp.,<br><br>Defendant. | C.A. No.: _____<br><br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Epcon Communities Franchising, Inc. ("Epcon"), alleges the following against Terranova Development Corp. (Terranova"):

**JURISDICTION / VENUE**

1. This is a case arising under the Copyright Act and the Architectural Works Copyright Protection Act of 1990 (the "AWCPA"), both codified at 17 U.S.C. §101, et seq. Pursuant to 28 U.S.C. §1338(a), this Court has exclusive jurisdiction over the subject matter of these claims.

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. §1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. §1331 inasmuch as this claim arises under the copyright laws of the United States.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) because Terranova resides in and may be found in this district.

**PARTIES**

4. Epcon is an Ohio corporation with its principal place of business in Dublin, Ohio.

1

5. Terranova is a South Carolina Corporation with its principal place of business in Greenville, South Carolina, and it will receive actual notice of this suit by service upon its Registered Agent, P. Griffin Bell, 870 Cleveland Street, Suite 1B, Greenville, South Carolina, 29601.

## INTRODUCTORY FACTS

6. Epcon's business includes licensing architectural house designs to its franchisees. At all times relevant to this action, it has been the sole owner of all right, title and interest in and to the copyrights in certain architectural works and in the technical drawings depicting such works, as more fully detailed below, as well as the causes of action for infringement of such copyrights.

7. Epcon originally licensed the works in suit to The Village at Greenway, LLC, for the construction of houses in an adult living community in Chattanooga, Tennessee (the "Village at Greenway Project"). However, Epcon's licensee did not complete the project, which was foreclosed on by its lenders in 2007.

8. Terranova ultimately purchased the Village at Greenway Project in November 2011.

9. By letter dated February 13, 2012, Epcon contacted Terranova and warned that Terranova did not have any right to build or sell any houses based on Epcon's architectural works, or to otherwise use Epcon's works.

10. In response, by letter dated March 13, 2012, Terranova assured Epcon that it "takes the matters raised in your letter very seriously," and that it "has no intention of using any Epcon proprietary information to build or sell homes, or for any other purpose."

11. As detailed below, however, Terranova subsequently constructed and sold 26 houses in

the Village of Greenway Project that are copies or derivatives of Epcon's copyrighted works.

## WORKS AT ISSUE IN THIS CASE

12. Epcon has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976), the Architectural Works Copyright Protection Act of 1990, and all other United States laws governing copyrights, and is the owner of the exclusive rights and privileges in and to the copyrights to the following architectural works and technical drawings:

| Copyright Registration | Work | Nature of Work |
|---|---|---|
| VA 698-781 | Ranch Condominium Building / Fairway Palms II | technical drawings |
| VA 698-782 | Ranch Condominium Building / Fairway Palms II | architectural work |
| VA 668-779 | The Crossings at Windemere Project | technical drawings |
| VA 668-780 | The Crossings at Windemere Project | architectural work |
| VA 1-325-016 | Condominium Building (Abbey / Canterbury for Cobblestone at The Preserve) | technical drawings |
| VA 1-325-062 | Condominium Building (Canterbury) | architectural work |
| VA 1-325-063 | Condominium Building (Abbey) | architectural work |

13. These registrations cover the copyrights in the architectural works and technical drawings for house designs known as the "Abbey" and the "Canterbury" that were to be used by Epcon's licensee in the Village at Greenway Project.

14. Epcon is the owner of valid copyrights in each of the works described above, and the copyrights in each such work have been registered with the United States Copyright Office. As such, Plaintiffs' copyrights in the above-described works are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all

conditions precedent to the filing of this suit have occurred.

15. Terranova has constructed (or caused to be constructed) houses that are copies or derivatives of Epcon's designs at the following addresses in the Village at Greenway Project:

| Address |
| --- |
| 871 Carlisle Lane |
| 873 Carlisle Lane |
| 875 Carlisle Lane |
| 877 Carlisle Lane |
| 610 Wilshire Way |
| 612 Wilshire Way |
| 614 Wilshire Way |
| 616 Wilshire Way |
| 620 Wilshire Way |
| 622 Wilshire Way |
| 624 Wilshire Way |
| 626 Wilshire Way |
| 630 Wilshire Way |
| 632 Wilshire Way |
| 634 Wilshire Way |
| 636 Wilshire Way |
| 640 Wilshire Way |
| 642 Wilshire Way |
| 644 Wilshire Way |
| 646 Wilshire Way |
| 650 Wilshire Way |
| 652 Wilshire Way |
| 670 Wilshire Way |
| 672 Wilshire Way |
| 680 Wilshire Way |
| 682 Wilshire Way |

16. On information and belief, Terranova has sold or is currently marketing each of the houses constructed at the locations indicated in Paragraph 15.

17. Terranova has also marketed these houses by reproducing copies and/or derivatives of Epcon's "Canterbury" designs in advertising, including internet advertising and, on

information and belief, print advertising.

18. On information and belief, Terranova has also marketed the houses it constructed or caused to be constructed in The Village at Greenway Project by using such houses as instrumentalities of advertising.

19. On information and belief, Terranova has infringed the copyrights in other original architectural works of Epcon, the specific facts and scope of which infringing activities will be ascertained during the course of discovery.

20. Epcon generally avers that all conditions precedent to its rights of recovery have occurred or have been performed.

## COUNT I:
## Copyright Infringement (Direct Infringement)

21. Epcon complains of Terranova for copyright infringement, and incorporates Paragraphs 1 – 20 by reference.

22. Epcon is owner of valid copyrights in each of the works described above, and the copyrights in each such work have been registered with the United Sates Copyright Office.

23. Terranova has violated Epcon's exclusive rights by reproducing Epcon's works in advertising and/or other marketing materials, including on the internet.

24. Terranova has violated Epcon's exclusive rights by creating derivatives of Epcon's works in advertising and/or other marketing materials, including on the internet.

25. Terranova has violated Epcon's exclusive rights by distributing copies or derivative of Epcon's works in advertising and/or other marketing materials, including on the internet.

26. Terranova has violated Epcon's exclusive rights by reproducing Epcon's works in

construction plans.

27. Terranova has violated Epcon's exclusive rights by creating derivatives of Epcon's works in construction plans.

28. Terranova has violated Epcon's exclusive rights by distributing construction plans that are copies or derivatives of Epcon's works.

29. Terranova has violated Epcon's exclusive rights by reproducing Epcon's works in constructed houses.

30. Terranova has violated Epcon's exclusive rights by creating derivatives of Epcon's works in constructed houses.

31. Terranova has violated Epcon's exclusive rights by distributing by sale or rent constructed houses that are copies or derivatives of Epcon's works.

32. Pursuant to 17 U.S.C. §504(b), Epcon is entitled to recover its actual damages from Terranova, plus damages in the form of all of Terranova's profits attributable to the infringements.

33. Alternatively, pursuant to 17 U.S.C. §504(c), Epcon is entitled to recover statutory damages for each of its respective works that have been infringed.

34. Pursuant to 17 U.S.C. §502, Epcon is entitled to preliminary and permanent injunctive relief against Terranova prohibiting any further copying, use, or distribution of any of the works described above.

35. Pursuant to 17 U.S.C. §503(b), Epcon is entitled to an order that all copies of the works described above that are found to have been made in violation of its exclusive rights be destroyed or otherwise removed from the stream of commerce.

36. Epcon is entitled to an award of its reasonable attorneys' fees, costs of court, and post-judgment interest at the highest legal rate.

## RELIEF SOUGHT

37. Epcon is entitled and seeks to recover its actual damages.

38. Epcon demands an accounting by Terranova of its activities in connection with its infringements of Epcon's copyrights, as well as of the Terranova's gross receipts and income attributable to its infringement(s) of same.

39. Epcon seeks recovery of damages in the form of all direct and indirect profits attributable to Terranova's infringements, including but not limited to such attributable to advertising, land-development, and construction activities, pursuant to 17 U.S.C. §504(b).

40. Alternatively, because the plans were registered prior to the Terranova's infringements, Epcon is entitled to and seek recovery of statutory damages pursuant to 17 U.S.C. §504(c).

41. Epcon seeks recovery of its attorneys' fees and court costs.

42. Epcon also seeks to recover the professional fees and expenses of all expert witnesses it retains for the prosecution of this action.

## OTHER RELIEF REQUESTED & PRAYER

43. Epcon requests that Terranova, its agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing its copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the said plans;

44. Epcon requests that Terranova be required to deliver up, under oath, for impounding

during the pendency of this action, and for destruction thereafter, all plans which infringe Epcon's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession of, or under the direct or indirect control of Terranova;

45. Epcon requests that there be an accounting of all gains, profits and advantages derived by Terranova as a result of the copyright infringements above-described; and

46. Epcon requests that it have such other and further relief as this court shall deem just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

s/ Wallace K. Lightsey

Wallace K. Lightsey (D.S.C. No. 1037)
Troy A. Tessier (D.S.C. No. 6863)
WYCHE P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, South Carolina 29602-0728
Telephone: (864) 242-8200

Co-Counsel seeking admission *pro hac vice*:
Facsimile: (864) 235-8900
E-Mail: wlightsey@wyche.com
ttessier@wyche.com

Louis K. Bonham
(*Pro Hac Vice* Application to be submitted)
OSHA LIANG LLP
919 Congress Avenue, Suite 919
Austin, Texas 78701
Telephone (512) 480-0667
Facsimile: (713) 228-8778
E-Mail: bonham@oshaliang.com

Date: October 31, 2014                    ATTORNEYS FOR PLAINTIFF

8